**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL S.A.R.L. | Case No. 2:13–cv–05913–JAK–CW |
| Plaintiff(s), | |
| v. | **INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT** |
| DOES 1 THROUGH 10 | |
| Defendant(s). | |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

\\\

\\\

\\\

This case has been assigned to the calendar of Judge John A. Kronstadt. Both the Court and counsel bear responsibility for the progress of this litigation in court. To "secure the just, speedy, and inexpensive determination" of this case, as called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's standing orders.

**THE COURT ORDERS AS FOLLOWS:**

**1.     Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5–3. Although Fed. R. Civ. P. 4(m) does not require the summons and complaint to be served for one–hundred and twenty (120) days, the Court expects service as soon as service can reasonably be accomplished. The Court will require plaintiff to show good cause to extend the service deadline beyond 120 days.

**2.     Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel are to file a request for alternate or co–counsel to appear with a proposed order. The Court does not permit special appearances; only counsel of record may apear at any proceeding.

**3.     Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Ex parte applications that fail to conform to Local Rule 7–19, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause. Concurrently with service of the ex parte papers by electronic service and telephonic notice, counsel shall also serve the moving party by either facsimile, email, or personal service, and

give notice to the moving party that opposing papers must be filed no later than twenty–four (24) hours (or one court day) following service. On the day the documents are e–filed, a conformed courtesy copy of moving, opposition, or notice of non–opposition papers are to be hand–delivered to the Courtroom Deputy Clerk in Room 181–L of the Clerk's Office. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone as soon as possible.

**4.     Continuances or Extensions of Time**

This Court is very committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause as to why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation with a proposed order, including a detailed declaration of the grounds for the requested continuance or extension of time. The Court will not consider any request that does not comply with the Local Rules and this Order. Proposed stipulations extending scheduling dates become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court, and an associated order is entered. Counsel should avoid submitting requests for a continuance less than at least five (5) court days prior to the scheduled date that is the subject of the request.

**5.     TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65–1. The Court will not rule on any application for such relief for at least twenty–four (24) hours after the party subject to the requested

order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

### 6.    Cases Removed from State Court

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re–filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. §§ 1447(a),(b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re–noticed in this Court in accordance with <u>Local Rule 6–1</u> and <u>Local Rule 7</u>. Counsel shall file with their first appearance an original and two copies of a Notice of Interested Parties in accordance with <u>Local Rule 7.1–1</u>.

If an action is removed to this Court that contains a form pleading, *i.e.*, a pleading in which boxes are checked, the part(ies) utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

### 7.    Status of Fictitiously Named Defendants

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441(a) and 1447.

**a**.    Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within one–hundred and twenty (120) days of the removal of the action to this Court.

**b**.    If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the one–hundred and twenty (120) day period, an ex parte application requesting

permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description of all efforts made up to that time to identify and serve such person(s). The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven (7) days of the filing of the ex parte application.

**c**.     If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. §§ 1447(c),(d).

**8.     Discovery**

**a.     Discovery Matters Referred to Magistrate Judge**

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials next to the case number on this Order. All discovery–related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please deliver mandatory chambers copies of discovery–related papers to the Magistrate Judge assigned to this case rather than to this Court.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* <u>Local Rule 72–2</u>; <u>Local Rule 7–18</u>. The moving party must

file and serve the motion within 14 days of service of a written ruling or within

14 days of an oral ruling that the Magistrate Judge states will not be followed

by a written ruling. The motion must specify which portions of the ruling are

clearly erroneous or contrary to law and support the contention with points and

authorities. Counsel shall deliver a conformed copy of the moving papers and

responses to the Magistrate Judge's Courtroom Deputy Clerk at the time of filing.

### b.  Compliance with Fed. R. Civ. P. 26(a)

Unless there is a likelihood that, upon motion by a party, the Court would

order that any or all discovery is premature, counsel should begin to conduct

discovery actively before the Scheduling Conference. At the very least, the parties

shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby

obtain and produce most of what would be produced in the early stage of discovery,

because at the Scheduling Conference the Court will impose firm deadlines to

complete discovery.

### 9.  Motions

### a.  Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 6–1 and Local Rule 7.

In general, this Court hears motions on Mondays, beginning at 8:30 a.m. If Monday

is a national holiday, motions will be heard on the following Monday. It is not

necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the

filing of a motion, but counsel shall review the Court's Closed Motion Dates prior

to selecting a date.

### b.  Briefing Motions

Any motion that is filed and set for a hearing to be held fewer than 35 days

from the date of the filing of the motion shall be briefed pursuant to Local Rule 6–1

and Local Rule 7. Any motion that is filed and set for a hearing between thirty–five

(35) and seventy (70) days from the date of the filing of the motion shall be briefed

according to the following schedule: (i) any opposition must be filed no later than

fourteen (14) days after the filing of the motion; and (ii) any reply must be filed no later than twenty–one (21) days after the filing of the motion. Any motion that is filed and set for more than seventy (70) days from the filing of the motion shall be briefed according to that same schedule unless a stipulation is filed. The Court will permit the parties to stipulate, without a court order, to a briefing schedule for any motion that is set for a hearing to be held more than seventy (70) days from the date it was filed so long as the reply is filed no later than seven (7) weeks prior to the hearing date. A stipulation regarding the agreed–upon briefing schedule shall be filed with the Court within five (5) court days of the date the motion is filed.

### c.    Pre–Filing Requirement To Meet and Confer

Counsel must comply with Local Rule 7–3, which requires counsel to engage in a pre–filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non–substantive matters during the conference. The *in propria persona* status of one or more parties does not alter this requirement.

### d.    Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed twenty–five (25) pages and all footnotes shall be in the same type size as text. Oppositions shall not exceed twenty–five (25) pages and any reply shall not exceed ten (10) pages. All motion papers shall be filed pursuant to Local Rule 11–6 and Local Rule 11–3. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave from the Court. If documentary evidence in support of or in opposition to a motion exceeds fifty (50) pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds two–hundred (200) pages, the documents

shall be placed in a Slant D–Ring binder, with an index and with each item of evidence separated by a tab divider on the right side.

Counsel shall adhere to Local Rule 5–4.3.1 with respect to the conversion of all pleadings to a PDF so that when a pleading is e–filed, it is in the proper size and format that is PDF searchable.

### e.   Citations to Case Law

Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page(s) on which such language appears shall be provided.

### f.   Citations to Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages that are referenced.

### g.   Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. Local Rule 7–15.

## 10.   Specific Motions

### a.   Motions Pursuant to Rule 12

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7–3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive

pleading and therefore plaintiff might have a right to amend. *See, e.g., St.Michael's Convalescent Hosp. v. Cal.*, 643 F.2d 1369, 1374 (9th Cir. 1981). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

### b.    Motions to Amend

All motions to amend pleadings shall: (i) state the effect of the amendment and (ii) identify the page and line number(s) and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to the requirements of Local Rule 15, counsel shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading showing all additions and deletions of material.

### c.    Summary Judgment Motions

Parties need not wait until the motion cut–off date to bring motions for summary judgment or partial summary judgment. Whenever possible, the party moving for summary judgment should provide more than the minimum twenty–eight (28) days notice for motions. *See* Local Rule 6–1. The parties should prepare papers in a fashion that will assist the Court in locating the evidence with respect to the facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rules 56–1 through 56–4.

#### i.    Statements of Uncontroverted Facts and Genuine Issues

The Statement of Uncontroverted Facts and Conclusions of Law

("Statement of Uncontroverted Facts"), as required by <u>Local Rule 56–1</u>, shall be separately lodged and identify each claim for relief on which the moving party seeks summary judgment and the legal grounds for summary judgment. In a two–column format beneath the identified claim for relief, the left–hand column shall set forth, sequentially numbered, each allegedly uncontroverted material fact as to that claim for relief, and the right–hand column shall set forth the evidence that supports the factual statement. Citation to the supporting evidence shall be specific, including reference to the exhibit, page, and line number. The Statement of Uncontroverted Facts shall be formatted based on the following examples:

**Plaintiff's Claim for Relief for _____ is Barred by the Applicable Statute of Limitations. (Cite)**

| 1. (Moving party's first undisputed fact) | (Supporting evidence citation) |
| 2. (Moving party's second undisputed fact) | (Supporting evidence citation) |

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left–hand column must restate the allegedly undisputed fact and the alleged supporting evidence, and the right–hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, such party must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on, or relate to, the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right–hand

column the evidence that supports that statement.

### ii.    Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### iii.    Objections to Evidence

Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and e–filed at the same time as, but separately from the opposition or reply papers. If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three–column format:

a.  The left column should include the underline declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number if applicable). Each objection shall be numbered and located within the copy of the declaration.

b.  The middle column should set forth a concise objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

c.  The right column should provide space for the Court's entry of its ruling on the objection.

d.  A proposed order shall be filed and attached to the evidentiary objections as a separate document. Counsel shall email the proposed order ruling on the evidentiary objections in either Word or Word Perfect to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov.

*See* Exhibit 1 to this Order. Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

**d.      Motions in Limine:**

Motions in limine are heard at the date and time of the Final Pretrial Conference and shall be e–filed and set for hearing according to <u>Local Rule 6–1</u>. Any oppositions shall be timely e–filed and not exceed ten (10) pages. A reply is not required but shall not be more than five (5) pages, if e–filed.

**e.      Motions for Attorney's Fees:**

Motions for attorney's fees shall be e–filed and set for hearing according to <u>Local Rule 6–1</u> and shall attach an Excel spreadsheet for all requested fees, which shall include the name of the attorney with title (partner, local counsel, associate, etc.), the billing rate, a description of the work performed, the date the work was performed, and the number of hours billed for that work. The Excel spreadsheet should have a level of detail equivalent to the daily time records an attorney would maintain.

**11.     Under Seal Documents:**

Effective July 8, 2013, this Court requires that all under seal documents be submitted via email to the Court's chambers' email address. Counsel shall refer to the Court's Order Re Under Seal Pilot Program and comply with this Order.

**12.     Amended Pleadings:**

Every amended pleading shall be serially numbered to differentiate the pleading from prior pleadings. Counsel shall attach as an appendix to all amended

pleadings a "redlined" version of the amended pleading showing all additions and deletions of material from the most recent prior pleading.

**13.     Notice of This Order:**

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

**IT IS SO ORDERED.**

Dated: October 16, 2013

_____

John A. Kronstadt
United States District Judge

# EXHIBIT 1

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br>Start of Deposition...........................................<br>..............[1. Language subject to objection]<br>.................................................................<br>.................................................................<br>.................................................................<br>.................................................[2. Language subject to objection]<br>.................................................................<br>.................................................................<br>.................................................................<br>.................................................................<br>[3. Language subject to objection]<br>.................................................................<br>.................................................................<br>End of Deposition. | 1.   Eg., Hearsay, cite.<br><br>2.   Eg., Lacks foundation, cite.<br><br>3.   Eg., Hearsay, cite. | 1.   Sustained / Overruled<br><br>2.   Sustained / Overruled<br><br>3.   Sustained / Overruled |
| **Example 2: Electronic Version of Deposition with hyperlinks (e−filed version is to be e−filed without hyperlinks and emailed to Court's email with hyperlinks)**<br><br>Deposition with hyperlinks to language that is being objected to<br><br>Objection No. 1 (hyperlink): Basis for objection.<br><br>Objection No. 2 (hyperlink): Basis for objection.<br><br>Objection No. 3 (hyperlink): Basis for objection. | A separate proposed order shall be attached without hyperlinks. See the Court's Procedures and Schedules (No. 6) with respect to the preparation of proposed orders. The proposed order shall indicate the numbered objection (Objection No. 1), the basis for the objection (hearsay, lacks foundation, etc., with cite) and a column for the Court's ruling.<br><br>Eg.,<br>Objection No. 1 (no hyperlink): Basis for Objection / Ruling |

---

[1] Pursuant to Local Rule 5−4.3.3, hyperlinks are not permitted when e−filed. Therefore, the Court directs counsel to remove the hyperlink when e−filing and submit the document with the hyperlink to the Court's chambers' email. The e−filed version shall have the objected language in either brackets, underline, bold, highlight (color) without the hyperlink. The emailed version shall have the objected language in either brackets, underline, bold, highlight (color) with the hyperlink.